No. 23-1394

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JESSE HAMMONS,

*Plaintiff-Appellant*,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORP., ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Maryland
No. 20-cv-02088

**APPELLEES' MOTION TO HOLD CASE IN ABEYANCE**

Defendants-Appellees move to hold this appeal in abeyance pending resolution by the U.S. Supreme Court of *United States v. Skrmetti*, No. 23-477, which involves one of the same central questions at issue in this appeal and is already well into the merits briefing process following the Court's grant of certiorari. This Court, at the request of Appellant Hammons, previously held the appeal in abeyance pending resolution of *en banc* proceedings involving the same question, recognizing that it would affect this appeal. Doc. 32. It should do so again now because the outcome of *Skrmetti* will almost certainly decide a central issue for this appeal.

**1.** This case arises out of the cancellation of Hammons's hysterectomy, which had been scheduled at the University of Maryland St. Joseph Medical Center. Because St. Joseph is a Catholic hospital, it cancelled the procedure after it learned that its purpose was to treat gender dysphoria, contrary to Catholic religious tenets. *See* D. Ct. Dkt. 121 ("SJ Op."), at 6-10.

Hammons sued, alleging that the cancellation discriminated on the basis of sex in violation of the Affordable Care Act and the Equal Protection Clause, and also violated the Establishment Clause. D. Ct. Dkt. 1 ¶¶ 67, 74, 79-80, 89. The district court dismissed the constitutional claims. D. Ct. Dkt. 52, at 31-41. On the statutory claim, however, the court granted summary judgment to Hammons. SJ Op. at 51. Hammons nonetheless appealed the denial of the constitutional claims.

**2.** After filing the appeal, Hammons filed an unopposed motion to hold the case in abeyance pending this Court's *en banc* decision in *Fain v. Crouch* (later consolidated with *Kadel v. Folwell*). *Fain* likewise involved the question whether denying transgender treatment is discriminatory, so Hammons recognized it would "shape the scope of th[is] appeal." *Id.* at 3. Because of *Fain*'s obvious importance, Hammons sought an abeyance to "serve the interests of judicial efficiency and the conservation of resources of both parties." *Id.* at 3. This Court granted Hammons's motion, found a constitutional violation in *Kadel*, and then issued a briefing schedule here. Docs. 32, 47; *see Kadel*, 100 F.4th 122 (4th Cir. 2024) (*en banc*).

3. This Court should again put the appeal in abeyance, for the same reason as Hammons previously sought that relief. Last month, the Supreme Court granted certiorari in *Skrmetti*, which asks essentially the same question as *Fain* did: whether denying gender-transition treatment constitutes sex discrimination.

To save time and resources for everyone involved, this Court should await a merits decision in *Skrmetti*. This Court often stays an appeal while Supreme Court proceedings play out in related cases. *See United States v. Curtis*, No. 18-4907, 2024 WL 1281335, at *2 (4th Cir. Mar. 26, 2024); *United States v. Jackson*, No. 19-7795, 2023 WL 4449105, at *2 (4th Cir. July 11, 2023) (noting appeal was stayed twice, to await decisions from the Circuit and the Supreme Court).

Just as this Court's *en banc* decision could (and did) "shape the scope of th[is] appeal," so too could the Supreme Court's ruling in *Skrmetti*. Indeed, if the Supreme Court finds no constitutional problem, that would abrogate this Court's *en banc* ruling in *Kadel* and fundamentally change the law applicable to this appeal.

In light of that dynamic, briefing this appeal now would waste resources. The parties would be forced to incur costs to litigate an issue likely to be resolved by the Supreme Court. Conversely, the parties benefit by waiting for the issue to be finally decided, as Hammons emphasized when requesting the first stay. *See* Doc. 30, at 3. And given that briefing in *Skrmetti* is well underway (with the petitioner's brief already on file), the wait should not be long.

While everyone reaps benefits from a temporary pause in this appeal, no one incurs injury. Hammons has already received full compensatory damages, does not seek prospective relief, and now seeks only nominal damages (that Appellees have already tendered). *See* Doc. 33. If Hammons remains curious about answering this case's academic legal questions, the answer will likely come in *Skrmetti*.

Finally, an abeyance is in the public interest since it will conserve this Court's time and resources. To borrow Hammons's own words, an abeyance will "serve the interests of judicial efficiency." Doc. 30, at 3.

**4.** Undersigned counsel contacted counsel for Hammons to inquire as to their position on this motion. They indicated that they oppose this relief.

## CONCLUSION

For all these reasons, Appellees respectfully requests that this Court hold this appeal pending resolution of *Skrmetti*.

August 29, 2024

Respectfully submitted,

*/s/ Yaakov M. Roth*
Yaakov M. Roth
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
(202) 879-3939
yroth@jonesday.com

*Counsel for Appellees*

# **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 749 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman font.

> */s/ Yaakov M. Roth*
> Yaakov M. Roth
>
> *Counsel for Appellees*