No. 23-1394

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JESSE HAMMONS,

*Plaintiff-Appellant*,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORP., ET AL.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Maryland
No. 20-cv-02088

**APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO HOLD CASE IN ABEYANCE**

Plaintiff-Appellant Jesse Hammons, through undersigned counsel, respectfully submits this response in opposition to Defendants-Appellees' motion to hold this case in abeyance. ECF 50. Defendants' motion rehashes the same arguments they already presented to this Court in letters regarding whether a briefing order should be issued. *See* ECF 41 (Defendants requesting abeyance pending cert petition in *Kadel*); ECF 42 (Defendants requesting abeyance pending ruling in

1

*Skrmetti*). This Court already rejected those arguments when it issued its briefing order, ECF 47, and it should do so once again.

## BACKGROUND AND PROCEDURAL HISTORY

1. Mr. Hammons is a transgender man who has been diagnosed with gender dysphoria. As part of his medically necessary care, Mr. Hammons's surgeon scheduled a hysterectomy to take place at the University of Maryland St. Joseph Medical Center ("St. Joseph"). *See Hammons v. Univ. of Maryland Med. Sys. Corp.*, 649 F. Supp. 3d 104, 109-10 (D. Md. 2023). St. Joseph is owned and operated as a Catholic hospital by the Defendants. *Id.* Before Mr. Hammons's surgery could take place, St. Joseph ordered Mr. Hammons's surgeon to cancel the procedure as contrary to the Ethical and Religious Directives of the United States Conference of Catholic Bishops (the "Directives"). *Id.* at 108-09.

2. Mr. Hammons sued, alleging three claims: (1) violation of the Establishment Clause, (2) violation of the Equal Protection Clause, and (3) violation of Section 1557 of the Affordable Care Act ("Section 1557"). The district court dismissed Mr. Hammons's two constitutional claims, ruling Defendants are governmental entities subject to the restrictions of the Constitution but are shielded from liability by sovereign immunity. *See* Notice of Appeal Exs. A–D, D. Ct. ECF Nos. 136-1–136-4.

3. Mr. Hammons prevailed on his statutory claim. *See* Notice of Appeal Ex. E, D. Ct. ECF No. 136-5. The District Court held, *inter alia*, that a refusal to provide gender-affirming care constitutes discrimination on the basis of sex proscribed by Section 1557, concluding that the Supreme Court's reasoning in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), applied to Section 1557 and prohibited categorical exclusions of gender affirming care. *Hammons*, 649 F. Supp. 3d at 114-17.

4. Mr. Hammons now appeals the dismissal of his constitutional claims. Defendants have conditionally cross-appealed the judgment in Mr. Hammons's favor on his Section 1557 claim.

5. On August 1, 2023, this Court granted Plaintiffs' unopposed motion to hold the appeal in abeyance pending this Court's en banc decision in *Fain v. Crouch*, No. 22-1927, which addressed whether excluding medically necessary surgery for gender dysphoria from government insurance programs facially violated Section 1557.

6. On April 29, 2024, this Court issued its decision in *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (en banc), which was consolidated for decision with *Fain v. Crouch*.

7. The parties then submitted position statements on whether briefing in this case should resume. *See* ECF 41. Defendants argued that this case should

remain in abeyance pending a forthcoming petition for a writ of certiorari in *Kadel* and resolution of their second motion to dismiss. *See id.* at 2-4.

8. On June 24, 2024, after the Supreme Court granted review in *United States v. Skrmetti*, No. 23-477, Defendants submitted *another* letter asking this Court to hold the case in abeyance pending a decision in *Skrmetti,* too. *See* ECF 42.

9. On August 19, 2024, this Court deferred ruling on Defendants' motion to dismiss and—despite Defendants' requests for a continued abeyance—issued a briefing schedule. ECF 46, 47.

## ARGUMENT

10. In requesting another abeyance, Defendants repeat the same arguments that they already made, and that this Court already rejected. This Court should reject their latest delay tactic—which would delay briefing for at least another nine months—and adhere to the briefing schedule it already issued.

11. The circumstances here are dramatically different from the circumstances in which this case was held in abeyance pending the en banc decision in *Kadel*. When Mr. Hammons moved to hold this case in abeyance on July 27, 2023, it would have been wasteful for the parties to brief whether *Bostock*'s reasoning applied to Section 1557 because there was no circuit precedent addressing that issue and the panel assigned to this case would be bound by whatever the en banc court decided in *Kadel*. Now that *Kadel* has been decided and established

4

binding circuit precedent, the parties can proceed to the merits of this appeal without devoting briefing to the legal issues that *Kadel* already resolved.

12. Unlike Plaintiff's request to hold the case in abeyance, Defendants seek to hold briefing in abeyance in the hopes that binding circuit precedent may eventually be overturned.

13. Critically, moreover, *Skrmetti* does not address central issue in Plaintiff's appeal and will not control its outcome. Plaintiff appeals the dismissal of his constitutional claims under the Establishment Clause and the Equal Protection Clause based on sovereign immunity. Even if *Skrmetti* ultimately alters circuit precedent with respect to the Equal Protection Clause, *Skrmetti* will have no impact on Mr. Hammons' Establishment Clause claim, and this Court will still have to resolve whether sovereign immunity bars his Establishment Clause claim from proceeding.

14. There is no reason to further delay briefing on the sovereign immunity issue. The underlying merits of Plaintiff's equal protection claims are not before this Court, and Defendants' conditional cross-appeal concerning Section 1557 is foreclosed by this Court's binding precedent in *Kadel*. If Defendants believe *Skrmetti* will abrogate this Court's Section 1557 precedent, they can preserve their argument that *Kadel* was wrongly decided without further obstructing Mr. Hammons from obtaining appellate review of the dismissal of his constitutional claims.

## CONCLUSION

Plaintiff-Appellant respectfully requests that this Court deny Defendants-Appellees' motion to hold this case in abeyance.

September 9, 2024

Respectfully submitted,

*/s/ Aron R. Fischer*
Aron R. Fischer
Andrew D. Cohen
Joshua M. Goldman
Sean M. Lau
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com
acohen@pbwt.com
jgoldman@pbwt.com
slau@pbwt.com

*/s/ Joshua A. Block*
Joshua A. Block
Leslie Cooper
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2627
Fax: (212) 549-2650
jblock@aclu.org
lcooper@aclu.org

Daniel Mach
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

915 15th Street, NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: 202-546-0738
dmach@aclu.org

Louis J. Ebert (Fed. Bar No. 02031)
ROSENBERG MARTIN GREENBERG, LLP
25 South Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 727-6600
Fax: (410) 727-1115
lebert@rosenbergmartin.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 947 words. This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ Aron R. Fischer*
Aron R. Fischer
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
afischer@pbwt.com


*Counsel for Plaintiff-Appellant*
